U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
FEB 04 2015
CHRIS R. JOHNSON, Clerk
By
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| SHANE SPARKS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CLASS ACTION COMPLAINT |
| -against- | Case No. 15-5031 |
| WAL-MART STORES, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff, Shane Sparks, brings this lawsuit against Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant"). In order to remedy the harm arising from Defendant's illegal conduct which has resulted in unjust profits, Plaintiff brings this action on behalf of Plaintiff and a nationwide class of consumers who, within the last five years, purchased the mislabeled herbal supplements referred to herein as (the "Purchased Products" and/or "Mislabeled Products").

**DEFINITIONS**

1. "Class Period" is February 4, 2010 to the present.

2. Over the last five years, Plaintiff, Shane Sparks, has purchased Spring Valley Echinacea and Spring Valley St. John's Wort (the "Purchased Products"). Pictures of the Purchased Products are attached at Exhibit "1."

3. "Substantially Similar Products" are the Mislabeled Herbal Products listed below:

- Spring Valley Gingko Biloba
- Spring Valley Ginseng

4. "Mislabeled Herbal Products" are the Purchased Products identified herein and the Substantially Similar Products" described herein.

5. The Mislabeled Herbal Products were mislabeled because they failed to contain

the medicinal herbs represented by the label.

6. The issue in this case is the false label representations and/or misrepresentations on the labels of the Misbranded Herbal Products.

## PARTIES

7. Plaintiff, Shane Sparks, is a resident of Bentonville, Benton County, Arkansas who purchased the Purchased Products during the five (5) years prior to the filing of this Complaint (the "Class Period").

8. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Benton County, Arkansas.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a State different from a defendant; and (3) the number of members of the Class in the aggregate is greater than 100.

10. The Court has personal jurisdiction over Defendant because the wrongdoing alleged herein occurred in Arkansas. Defendant also has sufficient minimum contacts with Arkansas and has otherwise intentionally availed itself of the markets in Arkansas through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

12.     Wal-Mart has manufactured, labeled and sold, during the Class Period, Wal-Mart "Spring Valley" brand dietary supplement products defined herein as "Mislabeled Herbal Products."

13.     The Wal-Mart "Mislabeled Herbal Products" prominently identified the primary herbal dietary ingredient as "Echinacea," "Gingko Biloba," "St. John's Wort" and "Ginseng."

14.     The "Mislabeled Herbal Products" do not contain the primary herbal dietary ingredient represented on the products' labels, such as "Echinacea," "Gingko Biloba," "St. John's Wort" and "Ginseng."

15.     The Attorney General for the State of New York has served upon Wal-Mart a Cease and Desist Notification demanding that Wal-Mart immediately stop the sale of the Mislabeled Herbal Products. A copy of the Cease and Desist Notification is attached as Exhibit "2."

16.     Wal-Mart falsely manufactured, labeled and sold the "Mislabeled Herbal Products." The "Mislabeled Herbal Products" have no monetary value and are worthless.

17.     Plaintiff and the Class relied upon the representations on the products' labels to their detriment.

18.     Plaintiff and the Class have been damaged by the false and deceptive labeling on the Mislabeled Herbal Products. Plaintiff and the Class are entitled to a return of the purchase price paid for the worthless Mislabeled Herbal Products.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to the Arkansas Rule of Procedure 23 on behalf of the following class:

> All persons who purchased Spring Valley Ginseng, Spring Valley St. John's Wort, Spring Valley Echinacea, and Spring Valley Gingko Biloba

3

in the United States, since February 4, 2010. (the "Class").

20. The following persons are expressly excluded from each Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

21. This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

22. Numerosity: Based upon Defendant's publicly available sales data with respect to the misbranded products at issue, it is estimated that the Class numbers in the hundreds, and that joinder of all Class members is impracticable.

23. Common Questions Predominate: This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include:

    a. Whether Defendant engaged in unlawful, unfair or deceptive business practices by failing to properly label its products it sold to consumers;

    b. Whether the products at issue were mislabeled as a matter of law;

    c. Whether Defendant made unlawful and misleading herbal representations and warranties with respect to its products sold to consumers;

    d. Whether Defendant violated the Arkansas Deceptive Trade Practices Act (A.C.A. § 4-88-101, *et. seq.*);

    e. Whether Defendant breached its implied warranty of merchantability;

    f. Whether Defendant breached its express warranties;

    g. Whether Defendant was negligent in its labeling and advertising of the Purchased Products;

    h. Whether Defendant unlawfully sold the Mislabeled Herbal Products in violation of the laws of Arkansas;

    i. Whether Defendant's unlawful, unfair and deceptive practices harmed Plaintiff and the Class;

  j.  Whether Plaintiff and the Class have been damaged by the unlawful actions of the Defendant and the amount of damages to the Class;

  k.  Whether Defendant was unjustly enriched by its deceptive practices;

  l.  Whether punitive damages should be awarded; and

  m.  Whether Defendant should be enjoined from continuing the conduct complained of herein.

  24.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of each Class because Plaintiff bought Defendant's Mislabeled Herbal Products during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and each Class sustained similar injuries arising out of Defendant's conduct in violation of Arkansas law. The injuries of each member of each Class were caused directly by Defendant's wrongful conduct.  In addition, the factual underpinning of Defendant's misconduct is common to all Class members of each class and represents a common thread of misconduct resulting in injury to all members of each Class.  Plaintiff' claims arise from the same practices and course of conduct that give rise to the claims of each member of the Class and are based on the same legal theories.

  25.  <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class.  Plaintiff has retained competent and experienced class action attorneys to represent their interests and those of the members of the Class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the members of the class and will diligently discharge those duties by seeking the maximum possible recovery for the Class.

  26.  <u>Superiority</u>:  There is no plain, speedy or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the

Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of each Class member's rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

27. <u>Predominance</u>: The prerequisites to maintaining a class action pursuant to ARK. R. CIV. P. 23 are met as questions of law or fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

28. Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Violation of A.C.A. § 4-88-101 et seq.)

29. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

30. Defendant's conduct constitutes unlawful deceptive and unconscionable trade

6

practices. Defendant's conduct was consumer-oriented and this conduct had broad impact on consumers at large. Defendant engaged in false, misleading and unlawful advertising, marketing and labeling of Defendant's Mislabeled Herbal Products. Defendant's manufacturing, distribution and sale of Defendant's Mislabeled Herbal Products were similarly unlawful.

31. Defendant unlawfully sold Defendant's Mislabeled Herbal Products in Arkansas during the Class Period.

32. As fully alleged above, by advertising, marketing, distributing and selling mislabeled and misbranded Defendant's Mislabeled Herbal Products to Plaintiff and other members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas, Defendant engaged in, and continue to engage in, unlawful deceptive and unconscionable trade practices.

33. Defendant's misleading marketing, advertising, packaging and labeling of Defendant's Mislabeled Herbal Products were likely to deceive reasonable consumers.

34. Plaintiff and other members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas were deceived.

35. Defendant has engaged in unlawful deceptive and unconscionable trade practices.

36. Plaintiff and other members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas were injured by Defendant's unlawful deceptive and unconscionable trade practices.

37. Defendant's fraud and deception caused Plaintiff and other members of the Class to purchase Defendant's Mislabeled Herbal Products that they would otherwise not have purchased had Plaintiff known the true nature of these products.

38. Plaintiff and other members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas were injured as a result of Defendant's unlawful deceptive and

unconscionable trade practices.

39. Defendant sold to Plaintiff and the members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas, a product that had no economic value. Defendant's violation of A.C.A. §§ 4-88-107 and 4-88-108 remains ongoing.

40. As a direct and proximate cause of Defendant violation of A.C.A. §§ 4-88-107 and 4-88-108, Plaintiff and the members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas were injured when they paid for this illegal and worthless products. Plaintiff and the members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas have been damaged in an amount to be determined at trial.

41. As a result of Defendant's unlawful deceptive and unconscionable trade practices, Plaintiff and the members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas, pursuant to A.C.A. § 4-88-113 and A.C.A. §§ 4-88-107 and 4-88-108, are entitled to damages and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to Plaintiff and the members of the Class who purchased Defendant's Mislabeled Herbal Products in Arkansas any money paid for Defendant's Mislabeled Herbal Products.

42. The conduct described above constitutes unfair or deceptive trade practices predominately and substantially affecting the conduct of trade or commerce throughout the United States in violation of the Arkansas Deceptive Trade Practice Act, Ark. Code Ann. § 4-88-101, *et. seq.* and other similar state statutes prohibiting unfair and deceptive acts and practices (collectively "DTPA"). Other similar state statutes include:

| | |
|---|---|
| Alabama: | Ala. Code §8-19-5 |
| Alaska: | Alaska Stat. §45-50-471, et seq. |
| Arkansas: | Ark. Code Ann. §4-88-101, et seq. |
| Arizona: | Ariz. Rev. Stat. §44-1522, et seq. |
| California: | Cal. Civ. Code §§1780 – 1784, Business and Profession Code §1720, et seq., |

|  |  |
|---|---|
|  | §1750, et seq. |
| Connecticut: | Conn. Gen. Stat. Ann. §§42-110a – 42-110g |
| Colorado: | Col. Rev. Stat. §§6-1-101 – 6-1-114 |
| Delaware: | 6 Del. Code. Ann. §§2511 – 2537 |
| District of Columbia: | D.C. Code Ann. §§28-3801 – 28-3819 |
| Florida: | Fla. Stat. Ann. §§501.201 – 501.213 |
| Georgia: | Ga. Stat. §10-1-393, et. seq. |
| Hawaii: | Hawaii Rev. L. §§480-1 – 480-24 |
| Idaho: | Idaho Code §§48-601 – 48-619 |
| Illinois: | 815 IL CS 505/2 |
| Indiana: | Ind. Code §24-5-0.5, et. seq. |
| Iowa: | Iowa Code §714.16 |
| Kansas: | Kan. Gen. Stat. Ann. §§50-623 – 50-644 |
| Kentucky: | Ky. Rev. Stat. Ann. §§367.110 – 367.990 |
| Louisiana: | La. Rev. Stat. Ann. §§13:1401 – 13:1418 |
| Maine: | Me. Rev. Stat. Ann. §§206 – 214 |
| Maryland: | Md. Code Ann. §§13-501 |
| Massachusetts: | Mass. Gen. L. Ann. Ch. 93A. §§1-11 |
| Michigan: | Mich. Stat. Ann. §19.418(B) |
| Minnesota: | Minn. Stat. Ann. §§325D.09 – 325D.16 |
| Mississippi: | Miss. Code §75-24-5, et. seq. |
| Missouri: | Mo. Ann. Stat. §§407.010 – 407.701 |
| Montana: | Mont. Rev. Code Ann. §§30-14-101 – 30-14-224 |
| Nebraska: | Neb. Rev. Code §§59-1501 – 59-1623 |
| Nevada: | Nev. Rev. Stat. §§590A.010 – 590A.280 |
| New Hampshire: | N.H. Rev. Stat. Ann. §358-A:2 |
| New Jersey: | N.J. Rev. Stat. §§56:8-1 – 56:8-24 |
| New Mexico: | N.M. Stat. Ann. §57-12-10 |
| New York: | N.Y. Gen. Bus. L. §§349 - 350 |
| North Carolina: | N.C. Gen. Stat. §§75-1 – 75-56 |
| North Dakota: | N.D. Cent. Code §51-15-02 |
| Ohio: | Ohio Rev. Code Ann. §1345 |
| Oklahoma: | Okla. Stat. Tit. 15 §753 |
| Oregon: | Ore. Rev. Stat. §§646.605 – 646.642 |
| Pennsylvania: | 73 Pa. Stat. §201, et se. |
| Rhode Island: | R.I. Rev. L. Ann. §§6-13.1-1 – 6-13.1-11 |
| South Carolina: | S.C. Code §39-5-20, et. seq. |
| South Dakota: | S.D. Comp. L. §§37-24-1 37-24-35 |
| Tennessee: | Tenn. Code Ann. §47-18-101 et seq. |
| Texas: | Tex. Rev. Civ. Stat. §§17.41 –17.63 |
| Utah: | Utah Code Ann. §13-11-19 |
| Vermont: | Vt. Stat. Ann. §§2451 – 2462 |
| Virginia: | Va. Code §59.1-200, et. seq. |
| Washington: | RCW §19-86-010, et seq. |
| West Virginia: | W. Va. Code Ann. §46A-6-104 |
| Wisconsin: | Wis. Stat. Ann. §100.18 |
| Wyoming: | Wyo. Stat. §40-12-105, et.seq. |

43. As approximate results of the Defendant's deceptive trade practices, the Plaintiff and the members of the class have suffered actually damages in an amount to be proven at trial.

44. Defendant's conduct complained of herein renders it liable under the states' DTPAs for damages for the consequences of such conduct.

45. Defendant's actions were willful, wanton, malicious, and in total disregard for the rights of the Plaintiff and Class Members. Defendant knew or should have known, in light of the surrounding circumstances that their conduct in violation of states' Deceptive Trade Practices Acts would naturally and probably result in damages to Plaintiff and Class Members. Defendant continued its wrongful conduct with malice or in reckless disregard of the consequences, from which malice may be inferred. Further, Defendant intentionally pursued its course of conduct for the purpose of causing Plaintiff and Class Members damages. Punitive damages should be awarded to deter the actions of Defendant and others who might engage in similar action or conduct.

46. Plaintiff and Class Members are entitled to any and all penalties and/or multipliers of damages as may be provided for in the states' DTPAs.

47. Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees, costs of this action, plus pre and post judgment interest as may be allowed by law.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

48. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

49. As a result of Defendant's unlawful and deceptive actions described above, Defendant was enriched at the expense of Plaintiff and the Class through the payment of the purchase price for the Mislabeled Herbal Products.

50. Under the circumstances, it would be against equity and good conscience to permit

10

Defendant to retain the ill-gotten benefits that they received from the Plaintiff and the Class, in light of the fact that the Mislabeled Herbal Products purchased by Plaintiff and the Class was an illegal product and was not what Defendant represented it to be. Thus, it would be unjust and inequitable for Defendant to retain the benefit without restitution to the Plaintiff and the Class for the monies paid to Defendant for the Mislabeled Herbal Products.

### THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

51. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

52. Implied in the purchase of the Mislabeled Herbal Products by Plaintiff and the Class is the warranty that the purchased products are legal and can be lawfully sold and possessed.

53. Defendant knowingly and intentionally mislabeled their Mislabeled Herbal Products.

54. Defendant knew those Mislabeled Herbal Products were unlawful.

55. When Defendant sold this product it impliedly warranted that the products were legal and could be lawfully possessed and/or sold and therefore, merchantable.

56. Plaintiff would not have knowingly purchased a product that was illegal to own or possess.

57. No reasonable consumer would knowingly purchase a product that is illegal to own or possess.

58. The purchased Mislabeled Herbal Products were unfit for the ordinary purpose for which Plaintiff and the Class purchased them.

59. In fact, this Mislabeled Herbal Products were illegal, mislabeled, and economically worthless.

60. As a result, Plaintiff and the Class were injured through their purchase of unsuitable, useless, illegal and unsellable products.

61. By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Mislabeled Herbal Products.

62. Notice of the Breach of Warranty is being provided to Defendant.

## FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

63. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

64. Defendant's representations of fact and/or promises on the labels relating to their Mislabeled Herbal Products created express written warranties that the product would conform to Defendant's representation of fact and/or promises.

65. The Defendant's descriptions of their Mislabeled Herbal Products became part of the bases of the bargains, creating express written warranties that the product purchased by Plaintiff and the other Class Members would conform to Defendant's descriptions and specifications. The Mislabeled Herbal Products purchased by Plaintiff did not so conform.

66. Defendant provided warranties that its Mislabeled Herbal Products were labeled in compliance with state law and were not mislabeled under state law. Defendant breached these express written warranties.

67. As a result of the foregoing, Plaintiff and the other Class Members have suffered damages, in that the value of the product they purchased was less than warranted by Defendant.

68. Defendant engaged in a scheme of offering the Mislabeled Herbal Products for sale to Plaintiff and members of the Class by way of, inter alia, false and misleading product packaging and labeling.

69. Plaintiff and the Class were the intended targets of such representations and

warranties.

70.     Plaintiff and the Class reasonably relied on Defendant's representations and warranties.

71.     Plaintiff asserts this cause of action for violations of Arkansas law pertaining to express warranties. Plaintiff and the Class were injured as a result of Defendant's breach of their express warranties about the Mislabeled Herbal Products. Plaintiff and the Class are entitled to damages arising from the breach of warranty.

72.     Notice of the Breach of Warranty is being provided to Defendant.

### FIFTH CAUSE OF ACTION
### (Negligence)

73.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

74.     In making representations of fact to Plaintiff and the other Class members about their Mislabeled Herbal Products, Defendant failed to lawfully label or advertise their Mislabeled Herbal Products and violated their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were the negligence and carelessness of Defendant.

75.     Plaintiff and the other Class members, as a direct and proximate cause of Defendant's breaches of their duties, reasonably relied upon such representations to their detriment. By reason thereof, Plaintiff and the other Class members have suffered damages.

76.     As described above, Defendant's actions violated a number of express statutory provisions designed to protect Plaintiff and the Class. Defendant's illegal actions constitute negligence per se. Moreover, the statutory food labeling and misbranding provisions violated by Defendant are strict liability provisions.

77.     As alleged above, Plaintiff and the Class were injured by Defendant's unlawful

actions and are entitled to recover an amount to be determined at trial due to the injuries and loss they suffered as a result of Defendant's negligence.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for judgment against Defendants as follows:

A. For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B. For an order awarding, as appropriate, damages, restitution, or disgorgement to Plaintiff and the Class including all monetary relief to which Plaintiff and the Class are entitled;

C. For an order awarding pre-judgment and post-judgment interest;

D. For attorneys' fees and costs;

E. Award punitive damages in an appropriate amount; and

F. Enter an injunction permanently barring continuation of the conduct complained of herein.

Dated: February 4, 2015.

Respectfully submitted,

/s/ Kenneth R. Shemin

Kenneth R. Shemin, ABA No. 78138
**SHEMIN LAW FIRM, PLLC**
3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758
Telephone: (479) 845-3305
Facsimile: (479) 845-2198

Thomas P. Thrash (ABA No. 80147)
Marcus N. Bozeman (ABA No. 95287)
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, AR 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222

Dewitt M. Lovelace
Valerie Lauro Nettles
**LOVELACE AND ASSOCIATES, PA**
12870 U.S. Hwy 98 West, Suite 200
Miramar Beach, FL 32550
Telephone:     (850) 837-6020
Facsimile:      (850) 837-4093

Charles J. LaDuca
**CUNEO GILBERT & LADUCA, LLP**
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: 202-789-3960
Facsimile: 202-589-1813

Taylor Asen
**CUNEO GILBERT & LADUCA, LLP**
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: 202-789-3960
Facsimile: 202-589-1813

Ben F. Pierce Gore (SBN 128515)
**PRATT & ASSOCIATES**
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Facsimile: (408) 369-0752

Richard R. Barrett
**Law Office of Richard R. Barrett, PLLC**
2086 Old Taylor Road, Suite 1011
Oxford, Mississippi 38655
Telephone: 662-380-5018
Facsimile: 866-430-5459

Don Barrett
**DON BARRETT, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Toll Free: (877) 816-4443
Facsimile: (662) 834-2628

*Attorneys for Plaintiff*

16